J-S17040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICARDO ANTONIO TORRES | : | |
| | : | |
| Appellant | : | No. 1472 WDA 2022 |

Appeal from the PCRA Order Entered November 22, 2022
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0000582-2019

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: July 28, 2023**

Appellant, Ricardo Antonio Torres, appeals from the order of the Erie County Court of Common Pleas, which dismissed as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  PCRA counsel filed a petition to withdraw as counsel, and a ***Turner***/***Finley*** "no merit" brief with this Court.[2]  We affirm the PCRA court's order and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On October 15, 2019, Appellant entered a negotiated guilty plea to robbery, conspiracy to commit arson, and firearms not to be carried without a license.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

In exchange for the plea, the Commonwealth agreed to *nolle prosequi* the remaining thirty-seven counts. The conviction arose from Appellant's acts of threatening the victim with a gun, telling the victim that Appellant would kill him and his dog, and tying up the victim and removing items from the victim's house. In conspiracy with another person, Appellant then poured gasoline throughout the victim's house and set it on fire.

The court sentenced Appellant on December 5, 2019, to an aggregate term of 12 to 24 years of incarceration. Appellant did not file a post-sentence motion or direct appeal. He filed the instant PCRA petition on June 30, 2022, claiming that he did not start the fire or possess a firearm, and raising claims of ineffective assistance of counsel and an unlawfully induced plea. The PCRA court appointed counsel, who filed a petition to withdraw as counsel and "no-merit" letter on October 13, 2022, explaining that he believed the petition was untimely and no exception to the PCRA's time-bar applied.

The PCRA court denied the petition for leave to withdraw as counsel on October 13, 2022. The court issued notice of its intent to dismiss the petition without a hearing on October 24, 2022. On November 22, 2022, the PCRA court dismissed the PCRA petition as untimely. On December 19, 2022, Appellant filed a timely notice of appeal. The PCRA court subsequently ordered Appellant to file a statement of errors complained of on appeal per Pa.R.A.P. 1925(b). On January 9, 2023, counsel filed a statement of intent to file a ***Turner***/***Finley*** brief. On March 21, 2023, counsel filed a petition for leave to

withdraw as counsel with this Court, together with a **Turner**/**Finley** "no-merit" brief.

Preliminarily, before counsel can withdraw representation under the PCRA, the law requires counsel to satisfy the mandates of **Turner**/**Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003).

> **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Additionally, counsel must contemporaneously serve on the appellant copies of the "no-merit" letter or brief, the petition to withdraw, and a letter advising the appellant that he has the immediate right to file a brief in this Court *pro se* or with new privately-retained counsel. **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa.Super. 2016). "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Instantly, appellate counsel submitted a **Turner**/**Finley** brief on appeal and a petition to withdraw as counsel. Both the brief and counsel's petition to withdraw demonstrate he has made a conscientious examination of the record in this case and determined the appeal is wholly frivolous. Counsel notified Appellant of counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any points he might deem worthy of

consideration, and furnished Appellant with a copy of the petition and the brief prepared for this appeal. Thus, counsel has substantially complied with the technical requirements of **Turner**/**Finley**. **Karanicolas, supra** at 947. Accordingly, we proceed with our independent assessment. **See Turner, supra** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Counsel raises the following issue on Appellant's behalf:

A. Whether Appellant has stated a cognizable claim for relief under the PCRA given a patent untimely filing with no foundation for any statutory exception?

(**Turner**/**Finley** Brief at 2).[3]

As the timeliness of a PCRA petition is separate from the merits of the petitioner's underlying claim, we must first determine whether the petition is timely filed. **Commonwealth v. Brensinger**, 218 A.3d 440, 447-48 (Pa.Super. 2019) (*en banc*) (citing **Commonwealth v. Stokes**, 598 Pa. 574, 959 A.2d 306 (2008)). The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 359, 956 A.2d 978, 983 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009).

A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of

---

[3] Appellant has not responded to the **Turner**/**Finley** brief *pro se* or with newly retained private counsel.

direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within one year of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). A PCRA petitioner bears the burden of pleading and proving the applicability of an exception to the PCRA time bar. *Commonwealth v. Spotz*, 642 Pa. 717, 723, 171 A.3d 675, 678 (2017).

Instantly, Appellant's judgment of sentence became final on January 4,

- 5 -

2020, after the time in which to file a direct appeal with this Court expired. *See* Pa.R.A.P. 903(c)(3). Appellant filed the current PCRA petition on June 30, 2022, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Significantly, Appellant did not allege any exception to the PCRA time-bar in his *pro se* PCRA petition (*see* PCRA Petition, filed 6/30/22, at 3), and appointed counsel failed to discern any good faith basis to allege any such exception.[4] Therefore, Appellant has failed to meet his burden of proving applicability of a time bar exception. *See Spotz, supra*. Following our independent review of the record, we agree with counsel that the appeal is frivolous. *See Turner, supra*. Accordingly, we affirm the PCRA court's order denying relief and grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023

---

[4] Appellant's allegations of ineffectiveness do not satisfy any of the exceptions to the time-bar. *See generally* 42 Pa.C.S.A. § 9545(b)(4) (stating that for purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained); *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007) (holding that allegation of counsel's ineffectiveness cannot be invoked as "new fact" exception to time-bar, except where counsel abandons client on appeal).